[Cite as *State v. Jones*, 2018-Ohio-170.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105583**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GARY JONES, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606775-A

**BEFORE:** Stewart, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 18, 2018

**ATTORNEY FOR APPELLANT**

Eric J. Cherry
1801 Euclid Avenue, Suite A092
P.O. Box 23181
Euclid, OH 44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Jennifer King
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} A jury found defendant-appellant Gary Jones, Jr., guilty of one count of unlawful sexual conduct with a minor. On appeal, Jones complains that there was insufficient evidence to sustain a guilty verdict and that the guilty verdict was against the manifest weight of the evidence.

{¶2} Jones's assignment of error relating to the sufficiency of the evidence confuses the legal sufficiency of the evidence with the weight of the evidence. These are two distinct legal concepts. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), paragraph two of the syllabus. A sufficiency claim addresses whether there was any evidence going to each essential element of an offense; a sufficiency claim addresses the quality of the evidence. Jones's argument is not that the state failed to present evidence going to the essential elements of unlawful sexual conduct with a minor as charged under R.C. 2907.04(A). In fact, there was evidence that Jones, who was 18 years of age or older, engaged in sexual conduct with the victim, who was not his spouse, knowing that the victim was 13 years of age or older but less than 16 years of age, or was reckless in that regard.

**{¶3}** Jones's argument (and the argument he makes in his assignment of error relating to the weight of the evidence, which we incorporate here) is that the victim and the state's other witnesses were unbelievable and could not be taken "at face value." He says that the victim was so unbelievable that the jury acquitted him of two other counts of unlawful sexual conduct with a minor. This argument asks us to conclude that the jury so lost its way that the conviction resulted in a manifest miscarriage of justice. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986).

**{¶4}** The victim testified that when she first met Jones, she lied and told him she was 16 years old when, in fact, she was only 14. They met up later that evening and engaged in sexual intercourse. A few days later, Jones convinced the victim to skip school, and after they engaged in sexual intercourse, he gave her some brandy. The victim testified that she returned home drunk and smelling like liquor. Her condition angered both her mother and grandmother. It was after this second incident that the victim said that Jones learned her real age — she testified that he called her house, and her mother told Jones her real age. Despite her age, they began an ongoing relationship that lasted approximately 18 months. By her own reckoning, the victim said she and Jones engaged in sexual intercourse "over 300 times." When Jones learned her real age, he told her not to tell anyone or post anything about their relationship on social media because "he can get in trouble." The victim was quite specific about the timing: "Q. Do you remember the first time Gary Jones told you to tell people that you weren't having sex? A. When he found out my real age. Q. And when was that? A. After he had got me intoxicated[.]"

{¶5} The victim's mother testified and corroborated the victim's testimony about being intoxicated after meeting with Jones. The mother testified that after the victim returned home drunk, she told Jones to stay away from the victim: "I did make it clear to him that if he come around me or my daughter again I will make sure he went to jail for statutory rape." In fact, Jones did not stay away from the victim — the victim defied her mother and ran away from home so often that social services became involved. The mother testified that she caught Jones and the victim in the basement of her house: the daughter was wearing nothing but a t-shirt and Jones was hastily dressing. The mother testified, "I know what he was doing in the basement with my daughter." The mother took the victim to the hospital to have her examined. The victim refused to submit to rape-kit testing, but was prescribed antibiotics for a sexually transmitted disease.

{¶6} The evidence refutes Jones's argument that the victim was so unbelievable that the jury acquitted him of two other counts of unlawful sexual conduct with a minor: two of the three instances in which the victim testified to engaging in sexual conduct with Jones occurred before he had been told the victim's true age. The victim specifically testified to a number of other instances in which she and Jones engaged in sexual conduct after he knew her real age, any one of which could have been the basis for finding Jones guilty on Count 3. The guilty verdict on Count 3 was supported by competent, credible evidence.

{¶7} Jones does not actually deny that he engaged in sexual conduct with the victim, but claims that he was pursued by the victim. Even if this were so, it is immaterial to the question of whether he engaged in sexual conduct with the victim while knowing her true age or being reckless in that regard. Likewise immaterial was the victim's motivation for entering into the relationship — whether she dated Jones in order to defy her mother is of no consequence to the fact that Jones engaged in sexual conduct with her.

{¶8} Jones goes on to attack minutiae in the victim's testimony; for example, whether she could really have been intoxicated from drinking a single cup of brandy or whether when going to the victim's house for their first sexual encounter, Jones could cover 30 city blocks on foot in 15 minutes. These arguments are irrelevant — these facts went to the two counts for which the jury found Jones not guilty. There was overwhelming evidence that Jones and the victim engaged in a long-term relationship over the course of 18 months (they even got "his and her" tattoos). That Jones wished to keep the nature of the relationship quiet lest he "get in trouble" for dating someone the victim's age was credible evidence that the relationship was more than platonic. The assigned errors are overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR